IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROALSTON STEVENSON KINGSTON™**, | : CIVIL ACTION NO. 1:21-CV-31 |
| | : |
| | : (Judge Conner) |
| **Petitioner** | : |
| | : |
| v. | : |
| | : |
| **FIDEL CLARK™**, *et al.*, | : |
| | : |
| **Respondents** | : |

# MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 filed by petitioner Roalston Stevenson Kingston ("Kingston"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania. Named as respondents are Fidel Clark™, his DC-14, DC-15, and DC-16 files and medical records, the Commonwealth of Pennsylvania, the Philadelphia Police Department, Clerk of Court Natasha Lowe, Prothonotary Joseph H. Evers, District Attorney Lynn Abraham, Assistant District Attorneys Anthony Voci, Sheryl Labar, and C. Labar, Judge M. Teresa Sarmina, Attorney Jay Gottlieb, Attorney Debra Rand, Detective Gregory Redden, three court stenographers, SCI-Huntingdon, Hearing Examiner Ms. Himes, Hearing Examiner Charles Mitchell, Hearing Examiner S. Ellenberger, numerous correctional officers, Pharmatech Laboratory, Health Care Administrator Paula Price, Smart Communications, and Superintendent Kevin Kauffman. Preliminary review of the petition has been

undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the court will dismiss the petition.

I.      **Background**

Kingston asserts that he filed this action under the admiralty jurisdiction of 28 U.S.C. §§ 1331, 1333, and 1343, Rules 1, 2, 8(a), 9(b)-(h), 17(a), and 83, and 15 U.S.C. §§ 1111, 1114, 1117, 1120, 1121, 1122, and 1125. (Doc. 1 at 7). He contends that he is the sole proprietor of the trade name Fidel Clark™. (Id. at 9). Kingston alleges that respondents infringed upon his rights by "publishing and placing fraudulent criminal prosecution documents in the commercial market for their personal financial gain, in the form of a negotiable presentment entitled Commonwealth of Pennsylvania vs. Fidel Clark(c)™." (Id. at 9-10). He also makes several references to private contracts and the Uniform Commercial Code ("UCC"). (See generally Doc 1). Kingston requests, *inter alia*, that the court order respondents to "discharge said private property/chattel/vessel/intellectual property: Fidel Clark™ from his custody and restraint." (See Doc. 1 at 8).

II.     **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4.

habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 HARV. L. REV. 1551, 1553 (2001)).  However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.  See Leamer, 288 F.3d at 540.  "Habeas corpus is *not* an appropriate or available federal remedy."  See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

In the habeas petition, Kingston argues that respondents are copyright infringers and he seeks relief based on the alleged copyright infringement of the name Fidel Clark™.[2]  He also bases his habeas claims on maritime law and the UCC.  Kingston's claims are misplaced, and he has provided no basis in law or in fact for relief under the Copyright Act, maritime law, or the UCC.  See, e.g., Montalvo v. Montalvo, 2008 WL 4533935, *3 (W.D. Va. 2008) ("The court simply finds no ground upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement.").  Summary dismissal is appropriate because Kingston's habeas petition is frivolous and obviously lacking in merit, and "it plainly appears from the petition and [the]

---

[2] Kingston's claims are difficult to decipher and are essentially unintelligible. The court has made every effort to view them broadly in light of Kingston's *pro se* status.

attached exhibits that the petitioner is not entitled to relief in the district court."

See R. GOVERNING § 2254 CASES R. 4.

### III. Conclusion

Based on the foregoing, the court will dismiss the petition for writ of habeas corpus. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     April 20, 2021